UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER BRIGGS,<br><br>                    Plaintiff,<br><br>          v.<br><br>COMMUNITY HEALTH PLAN OF WASHINGTON,<br><br>                    Defendant. | CASE NO. C25-0356-KKE<br><br>ORDER GRANTING MOTION TO DISMISS |

This matter comes before the Court on Defendant Community Health Plan of Washington's ("CHPW") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11. Plaintiff, proceeding *pro se*, did not respond or oppose the motion.

On February 25, 2025, Plaintiff Christopher Briggs, filed this complaint against CHPW for a "RIGHTS VIOLATION" under federal law. Dkt. No. 4 at 3. Plaintiff asserts CHPW wrongly refused to disenroll him from a health care plan. *Id.* at 5. On April 10, 2025, CHPW moved to dismiss the complaint because it is not a state actor under 42 U.S.C. § 1983 and because the allegedly wrongful act of "failing to disenroll a Medicaid recipient from (free) insurance coverage" does not violate any law. Dkt. No. 11 at 3. CHPW also argues Plaintiff must pursue administrative remedies first. *Id.*

In this district, "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR

ORDER GRANTING MOTION TO DISMISS - 1

7(b)(2). The Ninth Circuit has affirmed dismissal of a *pro se* plaintiff's case for failure to respond to a motion to dismiss, consistent with a local rule. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The public's interest in expeditious resolution, the Court's need to manage its docket, and the risk of prejudice to CHPW all weigh in favor of dismissal here. The public policy favoring disposal of cases on their merits weighs against dismissal, but the Court acknowledges that Plaintiff has a history of filing cases in this district that fail to identify appropriate parties or causes of action even after explicit instruction from the court to amend the complaint.[1] Lastly, the least drastic sanction available is to dismiss the case without prejudice. These factors favor granting the motion to dismiss. Dkt. No. 11.

In conclusion, the Court GRANTS the motion to dismiss (Dkt. No. 11) and DISMISSES the case without prejudice.

The Clerk is instructed to close the case.

Dated this 2nd day of June, 2025.

Kymberly K. Evanson
United States District Judge

---

[1] *See, e.g.*, *Briggs v. Aetna Pharmacy Mgmt*, No. 3:24-cv-05073-DGE, Dkt. No. 8 (W.D. Wash. April 10, 2024); *Briggs v. Washington Dep't of Soc. & Health Servs.*, No. 3:24-cv-05606-DGE, Dkt. No. 10 (W.D. Wash. Nov. 13, 2024); *Briggs v. Aetna Pharmacy Mgmt*, No. 3:24-cv-05681-TMC, Dkt. No. 9 (W.D. Wash. Dec. 31, 2024); *Briggs v. U.S. Dep't of Health & Human Servs.*, No. 3:24-cv-05737-LK, Dkt. No. 15 (W.D. Wash. April 4, 2025).